AO 241 (Rev. 09/17)

FILED _____ LODGED
RECEIVED _____ COPY

JUL 17 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court *OF ARIZONA* | District: *OF PHOENIX* | |
|---|---|---|
| Name (under which you were convicted): DAVID ANTHONY SAENZ | | Docket or Case No.: CV-20-306-TUC-JAS--EJM |
| Place of Confinement: ASPC-YUMA-LAPAZ UNIT PO. BOX 8909 SAN LUIS AZ 85349 | Prisoner No.: 154802 | |
| Petitioner (include the name under which you were convicted) DAVID ANTHONY SAENZ | v. Respondent (authorized person having custody of petitioner) ARIZONA DEPARTMENT OF CORRECTION | |
| The Attorney General of the State of: | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   SUPERIOR COURT OF ARIZONA
   IN THE COUNTY OF PIMA TUCSON, AZ 85701-1348
   PIMA COUNTY SUPERIOR COURT 110 W. CONGRESS, ROOM 256

   (b) Criminal docket or case number (if you know): CR- 2017 3664-001

2. (a) Date of the judgment of conviction (if you know): AUGUST 5th, 2017

   (b) Date of sentencing: DECEMBER 19th 2017

3. Length of sentence: 3.5 YEARS WITH CREDIT FOR (132) DAYS

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   AGGRAVATED DUI WHILE LICENSE IS SUSPENDED, REVOKED
   OR IN VIOLATION OF A RESTRICTION,

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

AGGRAVATED DUI WHILE LICENSE IS ~~SUP~~ SUSPENDED

(c) If you went to trial, what kind of trial did you have? (Check one)

◻ Jury    ◻ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

◻ Yes    ◻ No

8.    Did you appeal from the judgment of conviction?

◻ Yes    ◻ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):    N/A

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ◻ Yes    ◻ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____ N/A _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _ARIZONA SUPERIOR COURT IN PIMA COUNTY_

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _MOTION TO CORRECT SENTENCING_

(5) Grounds raised: _TO CORRECT SENTENCE_

_ARIZONA DEPARTMENT OF CORRECTIONS_

_WILL NOT GIVE (PETITIONER) JAIL CREDIT_

_(132) DAYS ORDERED TO BE GIVEN BY_

_PIMA COUNTY SUPERIOR COURT OF ARIZONA_

_ARIZONA DEPARTMENT OF CORRECTION IS_

_MANIPULATEING PETITIONER TIME COMP_

_AND NOT RELEASING PETITIONER ._

_PETITIONER IS PAST HIS RELEASE DATE JUNE 14th 2020_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: _NONE_

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☒ No

        (7) Result:  *RESPONCE FROM SUPERIOR COURT; FILED*

        (8) Date of result (if you know): _____

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

BECAUSE I SHOULD HAVE ALREADY BEEN RELEASED AND THE STATE COURTS DO NOT FOLLOW THE LAW (FACT)

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Out twice in jeopardy for the same offense Administration of Justice shall be openly and without unnecessary delay 4th/5th/6th Amendments

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

petitioner constitutional Rights are being Violated petitioner should have been released on 6-14-2020. Arizona Department of corrections continue to practice this typical behavior holding inmates past there release dates.

(b) If you did not exhaust your state remedies on Ground One, explain why: Because the State courts continue to place blame on everyone eal's or deny Motions or just not answer the motion.

AO 241 (Rev. 09/17)

**(c)  Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

_My Release date was not due_

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _My Release date was not due_

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(c) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                        ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____
_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)　Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

(c)　**Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　☐ Yes　☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes　☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: ............................................................................

........................................................................................................................................................................

Docket or case number (if you know): ............................................................................................................

Date of the court's decision: ............................................................................................................................

Result (attach a copy of the court's opinion or order, if available): .....................................................................

........................................................................................................................................................................

........................................................................................................................................................................

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: .....................................................................................

........................................................................................................................................................................

Docket or case number (if you know): ............................................................................................................

Date of the court's decision: ............................................................................................................................

Result (attach a copy of the court's opinion or order, if available): .....................................................................

........................................................................................................................................................................

........................................................................................................................................................................

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: ....................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

........................................................................................................................................................................

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

_____

(b) At arraignment and plea:

_____

(c) At trial:

_____

(d) At sentencing:

_____

(e) On appeal:

_____

(f) In any post-conviction proceeding:

_____

(g) On appeal from any ruling against you in a post-conviction proceeding:

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

BECAUSE This is about my Release date
and the Department of corrections is not Releasing
Me. This is normal for Arizona Department of corrections
to keep Inmates passed there release dates to keep
there beds full. Because The Arizona Department

AO 241 (Rev. 09/17)

of correction knows it take a long time for the
courts to answer to a Motion or Rule 32 by the
time it get answered the Inmate will be out and will
not capture to fight it.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

       (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
              of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation of
              the Constitution or laws of the United States is removed, if the applicant was prevented from
              filing by such state action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
              if the right has been newly recognized by the Supreme Court and made retroactively applicable to
              cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been
              discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) . The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Petitioner is asking this Court to order Arizona Department of corrections to Release petitioner and bring Action against The department of correctio

or any other relief to which petitioner may be entitled.

_____N/A_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _June 29th 2020_ (month, date, year).

Executed (signed) on _June 29th 2020_ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

1  DAVID ANTHONY SAENZ                     5/31/2020

2  ADOC #154802                           **FILED**

3  ASPC-YUMA                              JUN - 8 2020

4  UNIT-LAPAZ-PO.BOX 8909            GARY L. HARRISON, Clerk

5  SAN LUIS AZ 85349                                   Deputy

6

7

8              IN THE SUPERIOR COURT OF ARIZONA

9              IN AND FOR THE COUNTY OF PIMA

10  _____

11  DAVID A. SAENZ              | CASE NO; CR-20173664-001

12     DEFENDANT               | MOTION: TO CORRECT SENTENCING

13     V.S                     | AND CLARIFY SENTENCE

14  STATE OF ARIZONA           | ALSO 132 DAYS CREDIT FOR TIME

15  _____    | SERVED IN THE COUNTY JAIL ON THIS CASE

16                             | REQUESTING EXPEDITED RULLING

17  COMES NOW THE DEFENDANT DAVID ANTHONY SAENZ

18  ADOC # 154802 WHOM IS BEING HOUSED AT THE YUMA PRISON

19  COMPLEX PO.BOX 8909 SAN LUIS AZ 85349.

20

21  DEFENDANT IS INFORMING THIS COURT ABOUT A VERY IMPORTANT

22  ISSUE THAT HAS COME TO HIS ATTENTION REGARDING

23  DEFENDANT'S SENTENCE. ARIZONA DEPARTMENT OF CORRECTIONS

24  WILL NOT CORRECT DEFENDANT'S SENTENCING WITH NIT

25  A COURT ORDER OF CORRECTION ABOUT THE ISSUE.

26  DEFENDANT'S SENTENCING MINUTE ENTRY DATED; DEC-19-2017

27  CR-20173664-001 (ISSUE) MINUTE ENTRY DOES NOT CLARIFY

28  DEFENDANT IS SERVEING 85% ; ARIZONA DEPARTMENT OF CORRECTIONS

(1)

HAS ME SERVING (FLAT TIME) WHICH IS WRONG, I WAS SENTENCED TO SERVE 85% OF MY SENTENCE. WOULD THIS HONORABLE COURT PLEASE SEND AN ORDER TO THE ARIZONA DEPARTMENT OF CORRECTIONS CENTRAL OFFICE AND CLARIFY MY SENTENCE, BECAUSE I SHOULD BE RELEASED IN JUNE OF 2020 BUT THIS WILL NOT HAPPEN UNLESS THIS HONORABLE COURT CORRECT DEFENDANT'S SENTENCE. DEFENDANT IS SENDING A COPY OF HIS MINUTE ENTRY AND A COPY OF HIS HAND WRITTEN SUMMORY.

THANK YOU FOR YOUR TIME AND ATTENTION IN THIS MATTER. ALSO DEFENDANT WAS NOT GIVEN HIS JAIL CREDI 132 DAYS ON HIS CASE: CR-20173664-001.

RESPECTFULLY SUBMITTED ON THIS 31st DAY OF MAY 2020.

DATE: 5-31-2020

DEFENDANT SIGNATURE Dodson

ADOC# 154802

(2)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT: MOTION TO CLARIFY SENTENCING ORDER AND TO RECEIVE JAIL CREDITS WAS MAILD TO THE PIMA COUNTY SUPERIOR COURT IN ARIZONA ON THIS 31st DAY OF MAY 2020

Address:
PIMA COUNTY SUPERIOR COURT
110 W. CONGRESS, ROOM 386
TUCSON AZ 85701-1348

David A. Saenz_____ PRINT
RESPECTFULLY SUBMITTED ON THIS 31st DAY OF MAY 2020 AND MAILD.

_____
DEFENDANT SIGNATURA  AND DATE: MAY 31st YEAR 2020.
ADOC# 154802

F I L E D  I N  C O U R T

DEC 2 0 2017

TONI L. HELLON, Clerk

Deputy

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. CASEY F MCGINLEY

| | |
|---|---|
| CASE NO. | CR20173664-001 |

COURT REPORTER:  Carol Trejo
                 Courtroom - 386

| | |
|---|---|
| DATE: | December 19, 2017 |

STATE OF ARIZONA

Joel J Ricard, Esq. for M Elizabeth Farkas, Esq. counsel for State

VS.

DAVID ANTHONY SAENZ
Defendant

Ryan S La Master, Esq. counsel for Defendant

**DATE OF BIRTH:** 8/3/1979

## MINUTE ENTRY

**SENTENCE OF IMPRISONMENT**

Defendant present, in custody.

The defendant is advised of the charge and the determination of guilt, and all parties are given the opportunity to make recommendations/statements to the Court.

THE COURT NOTES that it has read the information which has been requested to be filed under seal.

IT IS ORDERED that the Motion to File Under Seal is GRANTED and the attachment to the Sentencing Memorandum shall be filed under seal, not to be opened without further order of a Superior Court Judge.

Pursuant to A.R.S. § 13-607, the Court finds as follows:

WAIVER OF TRIAL--The defendant knowingly, intelligently, and voluntarily waived his right to a trial with or without a jury, his right to confront and cross-examine witnesses, his right to testify or remain silent, his right to present evidence and call his own witnesses, and his right to review after having been advised of these rights. The determination of guilt was based upon a plea of guilty.

Upon due consideration of the offense, and the facts, law and circumstances involved in this case, and having found no legal cause to delay rendition of judgment and pronouncement of sentence, the Court enters the following judgment and sentence:

IT IS THE JUDGMENT OF THE COURT that the defendant is guilty of COUNT ONE: AGGRAVATED DUI, WHILE LICENSE IS SUSPENDED, REVOKED OR IN VIOLATION OF A RESTRICTION, a Class Four Felony, nondangerous, repetitive offense, with one historical felony conviction in

C. Holden
Deputy Clerk

( 18 )

**M I N U T E   E N T R Y**

Page 2                         Date:  December 19, 2017                Case No.:  CR20173664-001

violation of A.R.S. §§ 28-1383A1, 131-703 committed on August 05, 2017.

THE COURT FINDS that suspension of sentence and a term of probation are not appropriate and that a sentence of imprisonment with the Department of Corrections is appropriate.

AS PUNISHMENT, IT IS ORDERED that the defendant be incarcerated in the Arizona Department of Corrections for a slightly mitigated term of THREE POINT FIVE (3.5) YEARS, commencing on December 19, 2017. The defendant shall be given credit for ONE HUNDRED THIRTY-TWO (132) DAYS time served.

THE COURT FINDS that the defendant was previously convicted of Aggravated Driving Under the Influence, in Pima County Superior Court, CR20124440, on May 21, 2013, committed on or about November 26, 2012

IT IS FURTHER ORDERED that the defendant shall serve a term of community supervision in accordance with A.R.S. § 13-603(I).

THE COURT FINDS the following mitigating circumstances: acceptance of responsibility; remorse desire for rehabilitation; mental health history; and medical trauma suffered.

IT IS ORDERED remanding the defendant to the custody of the Sheriff of Pima County, authorizing the Sheriff of Pima County to deliver the defendant to the custody of the Arizona Department of Corrections, and authorizing the Department of Corrections to carry out the term of imprisonment set forth herein.

IT IS ORDERED that the Clerk of the Court shall remit to the Department of Corrections a copy of this order, plus all presentence reports, probation violation reports, medical and psychological reports relating to the defendant and involving this cause.

IT IS ORDERED that the defendant shall pay the following:

1. Time Payment Fee in the amount of $20.00.

2. Attorney's fees in the amount of $400.00.

3. Indigent Administrative Assessment Fee in the amount of $25.00.

4. Probation assessment in the amount of $20.00.

5. Surcharge Assessment in the amount of $13.00.

6. A fine in the amount of 750.00, with a surcharge in the amount of 667.50.

7. DUI Abatement Fund in the amount of $250.00.

8. Prison Construction Fund in the amount of $1,500.00.

9. Public Safety Equipment Fund in the amount of $1,500.00.

10. Victim Rights Enforcement Fund Fee in the amount of $2.00.

_____
C. Holden
Deputy Clerk

(2 B)

**M I N U T E   E N T R Y**

Page  3                          Date:  December 19, 2017                  Case No.:   CR20173664-001

> The Court shall retain jurisdiction of the case for purposes of modifying the manner in which court-
> ordered payments are made until paid in full or until the defendant's sentence expires, such payments to
> include, but not be limited to, the following:
>
> A restitution order in favor of any person entitled to such, along with fines, costs, incarceration costs,
> fees, surcharges or assessments imposed.

IT IS ORDERED that any outstanding bond that has not been previously referred for a bond forfeiture

proceeding is hereby exonerated.

IT IS ORDERED, pursuant to the plea, that all remaining counts and allegations shall be dismissed as to

this cause number only.

The defendant is advised of his Rights of Review, signs, and receives a copy of same.

Let the record reflect that the defendant's fingerprint is permanently affixed to the signature page of this

sentencing order in open court.

FILED IN COURT:  Commitment Order; Presentence Report; Notice of Rights of Review

_/s/_
**HON. CASEY F. MCGINLEY**
(ID: a0c12d45-e596-4fbd-809f-6998f15248f3)

cc:    Hon. Casey F McGinley
       M Elizabeth Farkas, Esq.
       Ryan S La Master, Esq.
       Adult Probation
       Clerk of Court - Accounting Unit
       Clerk of Court - Appeals Unit
       Clerk of Court - Criminal Unit
       County Attorney - Victim Notification
       DOC (1 certified) 12-22-17 wmr
       Office of Court-Appointed Counsel
       Pretrial Services
       Sheriff of Pima County (3 certified) 12-22-17

( 3 B )

C. Holden
Deputy Clerk

```
P/1   0 154802                                                    09/05/19 12.38.19
   IISO005                 TIS RELEASE DATE CALCULATION  FINAL RULING  $$ PAGE 002
ADC NO: 154802      NAME: SAENZ, DAVID A.                STATUS: ACTIVE
      COMMITMENT: "F"  COUNT: "01"  CS TO: "E01"  OFFENSE DATE: 08/05/17  STAT: 1
      FEL.CL: 4  TYPE: 6  PR.FEL: 1  T.C.FL: 9  CL.I DAYS:       FUT.INEL:
                        "F01"                              "F01" "ALL"
PRIOR EXPIRATION DATE .. 04/04/2018     SERVED AS OF 08/01/19
  - COUNTY JAIL CREDITS      132   +- SENTENCE EXPIRATION DATE 05/23/2021
NEW WORKING DATE........ 08/09/2017   :   - CREDITS EARNED
  + MAX   3Y 6M 0D         1277    :   + CREDITS FORFEITED        0
  + OUT-TIME DURING MAXIMUM    0   :   - CREDITS RESTORED         0
SENTENCE EXPIRATION DATE 05/23/2021 * +   - COURT FORFEITED        0
  - MAND.REL.ADJUSTMENT             TENTATIVE RELEASE DATE..
                                      - CREDITS PROJECTED
  + FLAT    0Y 0M 0D         0     COMM. SUPV. BEGIN DATE  09/06/2020 *
  + OUT-TIME DURING FLAT            + MAN.REL. ADJUSTMENT
MANDATORY MINIMUM DATE..  / /
                                   + C/S DAYS   0Y 6M 0D   182
                                 COMM. SUPRVSN END DATE.. 06/06/2021 *
  NON-EARNING REL. CREDITS       TIME REMAINING TO SERVE
  NON-EARN CREDITS RESTORED      ERC WITHOUT TR DATE       11/23/2020 *
COMMUNITY SUPER. REVOKED  / /

  LAST UPDATED ON 08/01/19          AUDITED RECORD - MANUAL REL.DATES
```

exhibit (C-1)

CR20173664-001                    – calculated projection              5-29-2020

filat time on 3.5 years = ~~1277~~ days  max date (2-2-21)

custody 132 days  (8-9-17 to 12-19-17) sentence date starts 85%

85% = 1 day for every 7 days ( ERCD's )

step ①      1277 max days
            – 132  jail time
          ─────────
          1145 days left starts 1 for every 7 days (ERCD)

step ②      1145 ÷ 7 = 164 (ERCD) good behavior

step ③      1277 max (day's)
            – ~~164~~ ERCD (days)
          ─────────
          1113 after total ERCD calculated  jailtime + 85% (8-9-17 to 8-29-20)

step ④    1113   ERC's  85% (days)
          – 77   T.R. community supervision (77 days)
        ─────────
        1036   E.R.CD. with T.R.  8-9-17 changed to ( June 14th 2020 )
                                            ( ERCD with T.R )

          note ;    central office has ~~sept 6th 2020~~.

                    pages 1of 2    exhibit (C-2)

Case # CR 20173664-001        summory

5-29-2020

Flat time, 3.5 years ≈@ 1277 max days

Date of violation ; 8-9-17

8-9-18 --- 365 days (1 year)
8-9-19 --- 730 days (2 years)
8-9-20 --- 1095 days (3 years)
~~T~~ --- 1277 days (3.5 years) max date

with 132 days (credit Jail time)        E.R.C.D. (yearly)

include jail +132 days · · · · · · · 12-19-17 85% starts (sentence date.)
include jail +85% 445 days    ERCD days 313 --- 10-28-18 @ 85% (1 year)
include jail +85% 256 days    ERCD days 626 --- 9-6-19 @ 85% (2 years)
include jail +85% 1021 days   ERCD days 939 --- 7-15-20 @ 85% (3 years) leep year!
include jail +85% 1111 days   ERCD days 984 --- 8-29-20 @ 85% (E.R.C.D. release 85%)
                                                                       (+1114 days served.)

(projection:)   1114 days to serve 8-9-17 — 8-29-20 @ 85% ERCD's

Temporary Release "T.R." Community Supervision

72 days  good behavior  (ercd's 1114 -- 85%
                                        -22 -- T.R.
~~1037 days~~ to serve. with 85% +T.R.      1037 -- 85% +T.R.
(projection complete @ ; June 14th 2020)                days to serve

(central office disagree my release @ Sep. 6th 2020)

pages 2 of 2    exhibit (C-3)